# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | 2:09-cr-150 |
| v. | ) | |
| | ) | |
| ROBERT BURGESS, | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

Pending before the Court is Defendant Robert Burgess' MOTION TO REVIEW ORDER OF DETENTION (Document No. 20). The government has filed a response in opposition (Document No. 24). The Court has reviewed a transcript of the detention hearing conducted before Magistrate Judge Lisa Lenihan on May 7, 2009 and the motion is ripe for disposition.

The 3-count indictment in this criminal action charges Defendant with possession with intent to distribute crack cocaine and heroin. If convicted, Burgess faces a statutory maximum sentence of ten years imprisonment or more at each count.

Defendant asks the Court to review and/or modify the detention order. Defendant's motion is comprised of eight paragraphs with very few details. In summary, Burgess contends that he has not been arrested since January 2007, and is not a flight risk because he will live with his girlfriend, Chavone Hampton, who has agreed to act as custodian. Burgess further reports that Pretrial Services evaluated this matter and concluded that Defendant could be released pending trial.

The government strenuously objects to Burgess's request. The government correctly asserts that the charges in the indictment generate a "presumption" in favor of pretrial detention.

The government argues that Burgess has failed to rebut this presumption and that the facts would clearly justify Burgess's detention even in the absence of such a presumption.

The Court agrees with the government. Although Burgess has only one prior conviction (in 1995), defense counsel conceded at the detention hearing that "the facts were horrific in that case." Transcript at 35. In essence, Burgess set up a victim to be shot. Transcript at 36. As a result of that conviction, Burgess was prohibited from possessing a firearm. Nevertheless, on January 11, 2007, agents recovered a loaded Glock model 30 .45 caliber pistol and ammunition from Burgess' apartment. The gun was registered to Burgess' girlfriend, but Burgess lived alone in the apartment and possessed the firearm. Moreover, Burgess has been linked to drug trafficking on several occasions: (1) on June 2, 2006, Pittsburgh police officers recovered crack cocaine and 17 baggie corners of marijuana from Burgess; (2) on January 11, 2007 (during the search in which the gun was recovered), Pittsburgh police officers recovered crack, powder cocaine, marijuana and heroin; (3) during the summer of 2008, confidential informants linked Burgess to a marijuana transaction. The January 2007 conduct occurred while Burgess was released on bond for the June 2006 charges. In sum, the government contends that Burgess represents a significant danger to the community that he will continue to engage in drug trafficking. *United States v. Suppa*, 799 F.2d 115 (3d Cir. 1986).

The legal standards governing review of a magistrate judge's decision regarding pretrial detention were recently summarized as follows:

> This court exercises de novo review over the detention order entered by the magistrate judge. *See United States v. Delker*, 757 F.2d 1390, 1393-95 (3d Cir.1985). The magistrate judge's decision and reasoning is to be given careful consideration where a transcript of the detention hearing is available, id., even though the standard of review removes any obligation to accord deference to the magistrate judge's findings and decision. *See United States v. Koenig*, 912 F.2d 1190, 1193 (9th Cir.1990). This court may make its independent determination

> based solely upon the evidence introduced at the prior hearing. *Delker*, 757 F.2d at 1395; *Koenig*, 912 F.2d at 1193 ("Clearly, the district court is not required to start over in every case, and proceed as if the magistrate's decision and findings did not exist."); *United States v. Torres*, 929 F.2d 291, 292 (7th Cir.1991) (district court may base its findings on transcript of the hearings before the magistrate judge). Of course, it may also consider any additional evidence or proffers submitted in conjunction with any supplemental proceedings.

*United States v. Farris*, 2008 WL 1944131, *7 (W.D. Pa. 2008).

De novo review does not require an additional evidentiary hearing. *United States v. Price*, 2008 WL 282347 *2 (W.D.Pa. 2008), *citing United States v. Chagra*, 850 F.Supp. 354, 357 (W.D.Pa.1994) (court may incorporate the records of the proceedings and the exhibits before the magistrate judge). The Court has reviewed the transcript of the proceeding conducted by Magistrate Judge Lenihan, considered the additional information and material set forth in Defendant's motion and the government's response, and concludes that a hearing is not necessary under the circumstances.

> The principles governing the "presumption" of detention are as follows:
>
> Where the record reflects probable cause to believe the defendant has committed a crime of violence or an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act, 21 U.S.C. § 801 et seq., the Bail Reform Act creates a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person in the community. 18 U.S.C. § 3142(e); *United States v. Perry*, 788 F.2d 100, 106 (3d Cir.1986). A defendant may rebut the presumption by presenting "some credible evidence" that he will not pose a threat to the community upon his release. *United States v. Carbone*, 793 F.2d 559, 560 (3d Cir.1986) (to rebut the presumption "[t]he defendant must produce some credible evidence forming a basis for his contention that he will appear and will not pose a threat to the community"), *citing United States v. Jessup*, 757 F.2d 378 (1st Cir.1985); *United States v. Giampa*, 755 F.Supp. 665, 668 (W.D.Pa.1990).

*U.S. v. Turner*, 2008 WL 4186212 *1 (W.D. Pa.. 2008).

In this case, the rebuttable presumption of "no bail" is triggered by the charges in the indictment. Therefore, Burgess must present credible evidence: (1) that he will pose no threat to

the community upon release; and (2) that he will appear at trial. At the detention hearing, defense counsel asked that Burgess be placed on house arrest with electronic monitoring, with his girlfriend as custodian. Magistrate Lenihan found that Burgess had not rebutted the presumption that no condition would reasonably assure the safety of the community. This Court agrees. Burgess has not presented any "evidence" on the "danger to the community" prong, other than his own self-serving statements. Most strikingly, Burgess has been linked to multiple instances of continued drug trafficking while on bond and has possessed a firearm despite the legal prohibition on possession of a firearm by a convicted felon. There is no basis to conclude that the imposition of an additional set of conditions of release by this Court would be any more effective in deterring further alleged criminal activity by Burgess.

In accordance with the foregoing, Defendant Michael Burgess's MOTION TO REVIEW ORDER OF DETENTION (Document No. 20) is **DENIED**. The Order of Detention Pending Trial dated May 7, 2009 is affirmed and shall remain in full force and effect.

SO ORDERED this 8th day of July, 2009.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc: Barbara Swartz, AUSA
Email: barbara.swartz.@usdoj.gov

Stephen Greenberg, Esquire
Email: srg1law@yahoo.com